IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER E. WASKO,

        Plaintiff,

vs.                                                     No. CIV-05-1073 JB/RHS

HERBERT M. SILVERBERG,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) Plaintiff Peter Wasko's Plaintiff's Motion for Judgment on the Pleadings and Damages, filed August 23, 2006 (Doc. 10); and (ii) Defendant Herbert M. Silverberg's Motion to Dismiss for Failure of Service, filed September 13, 2006 (Doc. 12). The primary issue is whether the Court has subject-matter jurisdiction over the claims that Wasko raises in his Civil Rights Complaint, Pursuant to 42 U.S.C. § 1983, of Federal Due Process Law and Equal Protection Under the Law, filed October 11, 2005 (Doc. 1)("2005 Complaint"). Because the Court finds that it does not have jurisdiction over the matter, and that the doctrine of res judicata bars the Court from reconsidering the matter, the Court finds that it does not have subject-matter jurisdiction over Wasko's section 1983 claim, and will dismiss the Complaint.

**FACTUAL BACKGROUND**

Wasko alleges that he was wrongfully terminated from his employment at the New Mexico Environmental Department ("NMED") on April 3, 1992. See 2005 Complaint at Part C(2)(a), at 3. Specifically, Wasko contends that his termination was the result of age discrimination. See id. Wasko filed a complaint with the New Mexico Human Rights Commission ("HRC"), which issued

a Decision and Order on February 17, 1997.  See id.  The HRC ruled that Wasko's discharge was not based on age discrimination, but on poor performance in a public outreach assignment involving speeches in Hobbs and Roswell, New Mexico.  See id.

Silverberg, an attorney, represented Wasko in his age discrimination case before the HRC. See id. at Part B(1), at 2.  Wasko contends that Silverberg committed malpractice in the course of that representation.  Specifically, Wasko alleges that Silverberg failed to properly manage the case, failed to conduct discovery, and was not diligent, communicative, or forthright.  See id.  Finally, Wasko alleges that Silverberg "did not properly withdraw from the case but continued to 'churn' attorney fees."  Id.

## PROCEDURAL HISTORY

Wasko filed a complaint against Silverberg alleging legal malpractice in state court on July 7, 2000.  See Wasko v. Silverberg, No. D-0101-CV-200001662 (First N.M. Jud. Dist. 2000).  On July 7, 2003, before the resolution of the state action, Wasko filed a Civil Rights Complaint in the United States District Court for the District of New Mexico, alleging a right to relief pursuant to 42 U.S.C. § 1983.  See Wasko v. Silverberg, CV03-794 WJ/RHS (D.N.M. 2003)(Johnson, J.)("Silverberg I").  The Court has carefully compared the complaint in this case with the one in Silverberg I, and although the current complaint accuses Silverberg and the state judge who heard Wasko's malpractice action with additional specific incidents of misconduct, has found them to be identical in all material aspects.

The Honorable William P. Johnson, United States District Judge, issued a Memorandum Opinion and Order on August 25, 2003, in Silverberg I, dismissing Wasko's complaint for a lack of subject-matter jurisdiction.  Judge Johnson determined that, "[w]hile [Wasko] attempts to bring

federal claims by asserting violations of the Fourteenth Amendment brought pursuant to 42 U.S.C. § 1983, [he] makes no allegations from which the Court may infer that [Silverberg] is a state actor whose conduct is fairly attributable to the State of New Mexico." Wasko v. Silverberg, CV03-794 WJ/RHS, Memorandum Opinion and Order Granting Defendant's Motion to Dismiss, filed August 25, 2003 (Doc. 9).  Wasko appealed and the United States Court of Appeals for the Tenth Circuit affirmed.  See Wasko v. Silverberg, 103 Fed. Appx. 332, 334 (10th Cir. 2004)("Mr. Silverberg was clearly not acting on behalf of the state when he was representing Mr. Wasko in the state court proceedings nor when he allegedly failed to respond properly to Mr. Wasko's state court malpractice action.").  Subsequently, on September 7, 2004, the state district court dismissed Wasko's state claims with prejudice.  On January 10, 2005, the Supreme Court of the United States denied Wasko's petition for certiorari from the Tenth Circuit's decision.  See Wasko v. Silverberg, 543 U.S. 1067 (2005).

In an unrelated proceeding, Wasko filed a civil complaint in state court against Randall Moore, alleging liability for damages to Wasko's automobile, on January 11, 2001.  See Wasko v. Moore, No. D-0101-CV-200101411 (First N.M. Jud. Dist. 2001).  On January 17, 2003, the state court dismissed the case when Wasko failed to appear for trial.  Wasko's appeals to the state appellate courts were unsuccessful, and on November 5, 2003, he filed a complaint in federal court seeking a judgment against Moore based on the same damages to his automobile.  See Wasko v. Moore, CV03-1026 BB/RLP (D.N.M. 2003)(Black, J.).

Wasko premised his federal action against Moore on 42 U.S.C. § 1983, and alleged the actions of Moore's attorney and the state-court judge violated his federally protected due process and equal protection rights.  In Wasko v. Moore, the Honorable Bruce D. Black, United States District

Judge, determined that, because of his previous attempts to bring similar claims in federal court, Wasko was aware that there was no federal jurisdiction over his action and had improperly filed his lawsuit for the purpose of harassment.  Judge Black dismissed the case for lack of subject-matter jurisdiction and imposed rule 11 sanctions on Wasko.  On appeal, the Tenth Circuit affirmed the dismissal, but remanded the case to the district court for more formal proceedings related to the sanctions.  See Wasko v. Moore, 122 Fed. Appx. 403 (10th Cir. 2005).  On remand, the district court again imposed sanctions, and on appeal from remand, the Tenth Circuit affirmed the district court's sanctions.  See Wasko v. Moore, 172 Fed. Appx. 791 (10th Cir. 2006).

On October 11, 2005, approximately ten months after the Supreme Court of the United States denied Wasko's petition for certiorari in Silverberg I, Wasko filed this second legal malpractice complaint against Silverberg, alleging the same facts raised in his first federal complaint against Silverberg and citing 42 U.S.C. § 1983 as the jurisdictional basis.  See Civil Rights Complaint, Pursuant to 42 U.S.C. § 1983, of Federal Due Process Law and Equal Protection Under the Law, filed October 11, 2005 (Doc. 1).  On August 23, 2006, after the Court denied Wasko permission to proceed in forma pauperis, Wasko filed a motion for judgment on the pleadings.  See Plaintiff's Motion for Judgment on the Pleadings and Damages, filed August 23, 2006 (Doc. 10). Wasko has not submitted any briefing in support of his motion.  On September 13, 2006, Silverberg filed a motion to dismiss Wasko's claim for failure to make adequate service.  See Motion to Dismiss for Failure of Service, filed September 13, 2006 (Doc. 12).

## LAW REGARDING SUBJECT MATTER JURISDICTION OVER CLAIMS BROUGHT PURSUANT TO 42 U.S.C. § 1983.

It is a fundamental precept of American law that the federal courts are "courts of limited

jurisdiction." <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 125 S. Ct. 2611, 2616 (2005). Federal courts "possess only that power authorized by [the] Constitution and statute." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). Among the powers which Congress has bestowed upon the courts is the power to hear controversies arising under federal law– federal question jurisdiction– and controversies arising between citizens of different states– diversity jurisdiction. <u>See</u> 28 U.S.C. §§ 1331-1332.

Congress has created a cause of action for individuals who have been deprived of federal rights "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. Consequently, the district courts do not have subject-matter jurisdiction over a section 1983 claim when the defendant is not a state actor. <u>See</u> <u>Guttman v. Silverberg</u>, 167 Fed. Appx. 1, 3 (10th Cir. 2005)(finding a lack of subject-matter jurisdiction when plaintiff did not allege state action in his complaint);[1] <u>Chapoose v. Hodel</u>, 831 F.2d 931, 934 (10th Cir. 1987)(affirming dismissal of section 1983 claim when defendant was not a state actor).

## LAW REGARDING RES JUDICATA

The doctrine of res judicata, or claim preclusion, "bars a second suit involving the same parties or their privies based on the same cause of action." <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 326 n.5 (1979). In the Tenth Circuit, claim preclusion applies when three elements are satisfied: (i) there must be a final judgment on the merits in an earlier action; (ii) the parties to the two actions

---

[1]The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored. But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (ii) it would assist the court in its disposition." This unpublished decision meets both these criteria, and the rules therefore allow citation to this unpublished decision.

must be the same or in privity; and (iii) the cause of action must be the same in the two suits.  See

MACTEC, Inc. v. Gorelick, 427 F.3d 821, 831 (10th Cir. 2005).  If these requirements are met, claim

preclusion is appropriate unless the party seeking to avoid preclusion did not have a full and fair

opportunity to litigate in the first action.  See Yapp v. Excel Corp., 186 F.3d 1222, 1226 n.4 (10th

Cir. 1999).

The Supreme Court has long recognized the doctrine of res judicata as "a rule of fundamental

and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and

enforced by the courts to the end that rights once established by the final judgment of a court of

competent jurisdiction shall be recognized by those who are bound by it in every way, wherever the

judgment is entitled to respect."  Hart Steel Co. v. R.R. Supply Co., 244 U.S. 294, 299 (1917).  The

application of "res judicata serves vital public interests" and is supported by public policy.  Federated

Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 401 (1981).  See Plotner v. AT&T Corp., 224 F.3d 1161,

1168 (10th Cir. 2000)("The fundamental policies underlying the doctrine of res judicata (or claim

preclusion) are finality, judicial economy, preventing repetitive litigation and forum-shopping, and

'the interest in bringing litigation to an end.'").

## ANALYSIS

Wasko alleges that, because of Silverberg's inadequate representation and because of fraud

in the state proceedings, he was deprived of fundamental rights, including his rights to due process

and equal protection.  Wasko has previously attempted to bring this precise cause of action against

Silverberg in the federal courts and Judge Johnson dismissed his action for lack of subject-matter

jurisdiction.  In addition, Wasko attempted to bring similar actions against other private defendants

in the federal courts asserting 42 U.S.C. § 1983 as the basis of jurisdiction.[2]  Those actions have all been dismissed because of a lack of federal jurisdiction.  The Court does not have subject-matter jurisdiction over Wasko's lawsuit.  Moreover, a federal court has already determined that there is not jurisdiction over Wasko's claim against Silverberg, and, therefore, res judicata bars reconsideration of the matter.

I.   **THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER WASKO'S CAUSE OF ACTION.**

Silverberg has not yet contested the Court's subject-matter jurisdiction over Wasko's claim. Nevertheless, because subject-matter jurisdiction involves the court's power to hear a case, see Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006), the Court must address whether it has jurisdiction over the matter.

The Fourteenth Amendment provides that "no state shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person . . . the equal protection of the laws."  U.S. Const. amend. xiv (emphasis added).  Congress has provided individual citizens with a cause of action to enforce these rights pursuant to 42 U.S.C. § 1983.  For a violation of the Fourteenth Amendment to be actionable under 42 U.S.C. § 1983, a state actor must have committed the wrong that constitutes the basis for the action.

---

[2]In addition to the actions discussed in the Procedural History section of the Court's opinion, the Court has found three other actions against private parties that Wasko previously attempted to bring in federal court unsuccessfully.  See Wasko v. State Farm Mut. Auto. Ins. Co., CV05-0670 LAM/WPL (D.N.M. 2006)(Martinez, J.);  Wasko v. Moore, CV05-507 JP/ACT (D.N.M. 2005)(Parker, J,); Wasko v. Gonzales, CV03-910 JCH/WDS (D.N.M. 2005)(Herrera, J.), aff'd, No. 05-2228, 2006 U.S. App. LEXIS 13654 (10th Cir. May 31, 2006).  In all three of these cases, Wasko alleged due process violations and invoked 42 U.S.C. § 1983 as the basis for federal jurisdiction.  In each case, the presiding district judge noted that Wasko failed to present evidence that the defendant was a state actor, and dismissed the case for lack of jurisdiction.

Wasko, despite dismissals in his earlier attempts to bring various claims under 42 U.S.C. § 1983, does not present any evidence that Silverberg is a state actor. The Tenth Circuit, in its consideration of Wasko's previous federal court action against Silverberg, held that "Silverberg was clearly not acting on behalf of the state when he was representing Mr. Wasko in the state court proceedings nor when he allegedly failed to respond properly to Mr. Wasko's state court malpractice action." <u>Wasko v. Silverberg</u>, 103 Fed. Appx. at 334.

The Court does not have subject-matter jurisdiction over 42 U.S.C. § 1983 claims brought against private actors. Wasko, because of his previous unsuccessful attempts to bring similar lawsuits on the same grounds, should be aware of this jurisdictional limitation. The Court will dismiss the suit for lack of subject-matter jurisdiction.

## II.   RES JUDICATA BARS ANY RECONSIDERATION OF THE JURISDICTIONAL ELEMENTS.

Res judicata bars a course of action when: (i) a final judgment has been entered on the merits in an earlier action; (ii) the parties to the two actions are the same or in privity; and (iii) the cause of action is the same in the two suits. This rule applies unless the party who opposes preclusion did not have a full and fair opportunity to litigate the matter.

All three elements of res judicata are met in this case. Wasko has previously brought the same cause of action against Silverberg in the federal court. Judge Johnson dismissed the case for lack of subject-matter jurisdiction, and the Tenth Circuit affirmed the dismissal. Wasko, as the plaintiff and initiator in that case, had a full and fair opportunity to litigate the matter. <u>See</u> <u>State Farm Mut. Auto. Ins. Co. v. Dyer</u>, 19 F.3d 514, 518 (10th Cir. 1994)(holding that ruling to dismiss for lack of subject-matter jurisdiction has the effect of res judicata with respect to the jurisdictional question).

The application of res judicata is an expression of the policy preference for finality in judgments and judicial economy.  Wasko previously brought this case in federal court and lost.  A federal court, in a case in which Wasko had a full and fail opportunity to litigate, conclusively decided the issue of subject-matter jurisdiction.  He is not entitled to a second bite at the same apple.  The Court will dismiss the case.

Because the Court has determined that it does not have jurisdiction over this case, the Court will not consider the merits of the parties' dispositive motions.

**IT IS ORDERED** that the Plaintiff's Motion for Judgment on the Pleadings and Damages is denied.  The Defendant's Motion to Dismiss for Failure of Service is moot.  The Court will dismiss the case.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Peter E. Wasko
Santa Fe, New Mexico

    *Pro Se Plaintiff*

Herbert M. Silverberg
Albuquerque, New Mexico

    *Pro Se Defendant*